United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, <br> Plaintiff <br><br> v. <br><br> Pablo Emilio Robles Hoyos, <br> Defendant. | ) <br> ) <br> ) <br> ) Criminal Case No. 19-20220-CR-Scola <br> ) <br> ) <br> ) |

**Order Denying Motion for Sentence Reduction**

    This matter is before the Court on the Defendant Pablo Emilio Robles Hoyos's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and (c)(2). (Def.'s Mot., ECF No. 111.) Hoyos seeks a sentence reduction based upon "the Criminal History Amendment Part B – Zero Criminal History Point Offenders." (*Id.*) Additionally, Hoyos moves for compassionate release. (*Id.*) The Government responded opposing the motion (Resp., ECF No. 113), and the Defendant filed a reply. (Reply, ECF No. 114.) After reviewing the motion, the record, and the relevant legal authorities, the Court **denies** Hoyos's motion for a reduction of sentence. (**ECF No. 111**.)

    **1. Background**

    In 2019, a federal grand jury indicted Hoyos and his three co-defendants for conspiracy to possess at least five kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States (count 1) and conspiracy to distribute cocaine knowing that it would be unlawfully imported to the United States (count 2). (ECF No. 3.) Hoyos pleaded guilty to count 1, and the Government dismissed count 2. (ECF No. 71.) At sentencing, the Court determined that Hoyos had a total offense level of 37, a criminal history category of I, and an advisory guideline range of 210-262 months. (ECF Nos. 81, 83.) The Court sentenced Hoyos to 144 months of imprisonment and five years of supervised release. (J. 2-3, ECF No. 91.)

    Since Hoyos was sentenced, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders, which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors" ("Amendment 821"). Hoyos now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 144 months in prison and five years of supervised release.

Further, the Commission amended its policy statement to include six categories that constitute extraordinary and compelling reasons for a sentence reduction: (1) medical circumstances of the defendant; (2) age of the defendant; (3) familial circumstances of the defendant; (4) victim of abuse; (5) other reasons; and (6) unusually long sentence (U.S.S.G. § 1B1.13(b)). Hoyos also moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) pursuant to the amended policy statement.

### 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds

of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

To file a motion for compassionate release, the defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [their] behalf or [until] the lapse of 30 days from the receipt of such a request by the warden of [his] facility . . . ." 18 U.S.C. § 3582(c)(1)(A).

If the defendant has fully exhausted all administrative remedies, the Court then considers whether extraordinary and compelling reasons warrant a sentence reduction. *Id.* The Court then ensures that a sentence reduction would be consistent with the Sentencing Commission's applicable policy statement. *Id.* Finally, the Court considers the § 3553(a) factors, if applicable. *Id.*

3. **Analysis**

   A. **Hoyos does not qualify for a two-level reduction for zero-point offenders.**

As noted, the retroactive amendment that Hoyos invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*See id.*

Here, the Court need not determine whether Hoyos meets these criteria because a reduction of his sentence would not be consistent with Amendment 821's applicable policy statements. Specifically, if the Court were to apply Amendment 821 to Hoyos's sentence, it would result in an offense level of 35, a criminal history category of I, and a new guideline range of 168-210 months.

Pursuant to the applicable policy statement, the Court cannot reduce Hoyos's term of imprisonment below the minimum of the amended guideline range—*i.e.*, below 168 months. *See* U.S.S.G. § 1B1.10(b)(2)(A); *see also Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 2691 (2010) ("The court is also constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by the amendment may be reduced." (cleaned up)). Because the Court's judgment imposed a sentence of 144 months, which is below the new guideline range, the Court is precluded by the applicable policy statement from reducing Hoyos's sentence pursuant to § 3582(c)(2). Because Hoyos's original sentence is shorter than the bottom of the new guidelines range and because the Government never filed a motion based on substantial assistance by Hoyos, the Court **denies** Hoyos's motion. (**ECF No. 111**.) Moreover, because a reduction in Hoyos's sentence would be inconsistent with the applicable policy statements, the Court need not consider the § 3553(a) factors.

Further, Hoyos is not eligible for a reduction under Amendment 821 because he received a two-level aggravating role enhancement for his role in the offenses. Defendants are only eligible for a two-level reduction under Amendment 821 if they did not receive an enhancement for their aggravating role in the offense. *See* U.S.S.G. § 4C1.1(a)(10).

### B. Hoyos failed to establish entitlement to compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Hoyos also seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). However, a defendant is not eligible for relief under § 3582(c)(1)(A) until they first exhaust all administrative remedies. Here, the Court need not determine whether Hoyos meets the criteria for compassionate release because he has not provided any evidence that he exhausted his administrative remedies. Further, Hoyos did not set forth any extraordinary and compelling circumstances that warrant a sentence reduction.

## 4. Conclusion

For the aforementioned reasons, Hoyos's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and (c)(2) is **denied. (Mot., ECF No. 111.)**

**Done and ordered** at Miami, Florida on June 11, 2024.

_____
Robert N. Scola, Jr.
United States District Judge